1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10  JOHN PERRY,                              )   1:08-cv-00715-OWW-JMD-HC
                                            )
11              Petitioner,                 )   FINDINGS AND RECOMMENDATION
                                            )   REGARDING PETITION FOR WRIT OF
12      v.                                  )   HABEAS CORPUS
                                            )
13  HARTLEY,                                )
                                            )
14              Respondent.                 )
    _____)   OBJECTIONS DUE WITHIN THIRTY DAYS
15

16          Petitioner John Perry ("Petitioner") is a state prisoner proceeding with a petition for writ of

17  habeas corpus pursuant to 28 U.S.C. § 2254.

18                              **Procedural History**

19          On February 29, 2005, Petitioner pleaded no contest to a charge of violating California Penal

20  Code section 290(g)(2). (Pet. at 8).  Petitioner admitted as true the allegation that he had suffered a

21  prior felony conviction within the meaning of California Penal Code section 667(e).  (Id.).

22          Petitioner challenged his conviction on direct review in the California Court of Appeal on

23  July 5, 2006.  (Lod. Doc. 4).  The California Court of Appeal affirmed Petitioner's conviction on

24  October 25, 2006.  (Lod. Doc. 5).

25          Petitioner filed a petition for writ of habeas corpus in the California Superior Court on July 3,

26  2007. (Lod. Doc. 7).  On September 4, 2007, the Superior Court denied Petitioner's state habeas

27  petition in a reasoned decision. (Id.).

28  ///

1    Petitioner filed a habeas petition for writ of habeas corpus in the California Court of Appeal

2  on October 12, 2007. (Lod. Doc. 8).  The Court of Appeal summarily denied the petition on

3  November 30, 2007.  (Id.).

4    On January 28, 2008, Petitioner filed a petition for writ of habeas corpus with the California

5  Supreme Court.  (Lod. Doc. 9).  The California Supreme Court summarily denied the petition on

6  February 13, 2008. (Id.).

7    Petitioner filed the instant petition for writ of habeas corpus in the United States District

8  Court, Eastern District of California on May 22, 2008.  (Doc. 1).  Respondent filed an answer to the

9  petition on January 7, 2009.  (Doc. 17).  Petitioner filed a traverse on January 28, 2009.  (Doc. 20).

10                                    **Factual Background**

11    Petitioner suffered a conviction for a sexual offense in the State of Washington in 1990.

12  (Answer at 3).  Petitioner subsequently took up residence within State of California but failed to

13  register as a sex offender as required by California law former California Penal Code section

14  290(g)(2).  (Id.).

15    Petitioner pleaded no contest to the crime of failure to register and admitted that he had

16  suffered a prior conviction within the meaning of California Penal Code section 667(e) on July 29,

17  2005, pursuant to the terms of a plea agreement.  (Pet. at 8).  The trial court sentenced Petition to a

18  term of thirty-two months. (Id.).

19                                        **Discussion**

20  **I.      Jurisdiction and Venue**

21    A person in custody pursuant to the judgment of a state court may file a petition for a writ of

22  habeas corpus in the United States district courts if the custody is in violation of the Constitution or

23  laws or treaties of the United States.  28 U.S.C. § 2254(a);[1] 28 U.S.C. § 2241(c)(3); *Williams v.*

24

25    [1] The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all petitions for writ of habeas

26  corpus filed after its enactment. *Lindh v. Murphy*, 521 U.S. 320, (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied*, 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir.1996),

27  *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was filed after

28  the enactment of the AEDPA and is therefore governed by its provisions.

1  *Taylor*, 529 U.S. 362, 375, n.7 (2000).  Venue for a habeas corpus petition is proper in the judicial

2  district where the prisoner is held in custody.  *See* 28 U.S.C. § 2241(d).

3      Petitioner asserts that his conviction violated his rights under the United States Constitution.

4  At the time Petitioner filed this action, he was incarcerated at Avenal State prison, which is within

5  the territorial jurisdiction of the United States District Court for the Eastern District of California.  28

6  U.S.C. § 84.  Accordingly, the Court has jurisdiction to entertain Petitioner's petition and venue is

7  proper in the Eastern District.  28 U.S.C. § 2241(c)(3).

8  **II.      Standard of Review**

9      Section 2254 "is the exclusive vehicle for a habeas petition by a state prisoner in custody

10  pursuant to a state court judgment."[2]  *See Sass v. California Board of Prison Terms*, 461 F.3d 1123,

11  1126 (9th Cir. 2006) (quoting *White  v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004)).   Under

12  section 2254, a petition for writ of habeas corpus may not be granted unless the state court decision

13  denying Petitioner's state habeas petition "was contrary to, or involved an unreasonable application

14  of, clearly established Federal law, as determined by the Supreme Court of the United States," or

15  "was based on an unreasonable determination of the facts in light of the evidence presented in the

16  State court proceeding." 28 U.S.C. § 2254(d).  "A federal habeas court may not issue the writ simply

17  because that court concludes in its independent judgment that the relevant state-court decision

18  applied clearly established federal law erroneously or incorrectly...rather, that application must be

19  objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (citations omitted).   In

20  reviewing a state court's summary denial of a state habeas petition, the Court must "look through"

21  the summary disposition to the last reasoned decision issued by the state.  *Ylst v. Nunnemaker*, 501

22  U.S. 797, 806 (1991).  As the California Court of Appeal and the California Supreme Court both

23  summarily denied Petitioner's state habeas petition, the Court must review the reasoned decision of

24  the Superior Court denying Petitioner relief.

25  

26  _____

    [2] It appears that Petitioner is no longer in custody.  (*See* Lod. Doc. 9, State Habeas Petition, Ex. A. (reflecting
    Petitioner's maximum release date as March 3, 2009); *see also* Lod. Doc. 10 at 1 (State Habeas Petition, listing Petitioner's

27  address as 3518 Madison Ave., Bakersfield, California.)).  Assuming Petitioner is no longer in custody, Petitioner's release
    does not divest the Court of jurisdiction under section 2254 because Petitioner is presumed to suffer from collateral

28  consequences of his conviction.  *See, e.g., Wilson v. Terhune*, 319 F.3d 477, 479 (9th Cir. 2003) ("a habeas petition
    challenging a conviction is never moot simply because, subsequent to its filing, the petitioner has been released from
    custody").

1  The California Supreme Court is presumed to have rejected Petitioner's state habeas petition for the

2  same reasons set forth in the reasoned decision of the Superior Court.  *Id.*

3  **III.    Petitioner's Claims**

4          **A.  Sixth Amendment Claim**

5          Petitioner claims that his sentence violates his rights under the Sixth Amendment to the

6  United States Constitution because the sentencing court enhanced Petitioner's sentence based on

7  facts not found true beyond a reasonable doubt by the jury.  *See Cunningham v. California,* 549 U.S.

8  270 (2007) (holding that Sixth Amendment requires a jury to make findings of fact before such facts

9  may be used to expose defendant to a sentence beyond statutory maximum).  The sentencing court

10 enhanced Petitioner's sentence based on the fact that Petitioner had suffered a prior felony within the

11 meaning of California Penal Code section 667(e).  Petitioner's claim is devoid of merit.  The rule

12 espoused in *Cunningham* does not apply to the fact of a prior conviction.  *E.g., Apprendi v. New*

13 *Jersey*, 530 U.S. 466, 476 (2000).  Further, Petitioner admitted the fact of his prior conviction and

14 thus was not entitled to a jury finding on the issue.  *Accord Blakely v. Washington*, 542 U.S. 296, 303

15 (2004) ("'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose

16 solely on the basis of the facts reflected in the jury verdict *or admitted by the defendant"*)(emphasis

17 added).  Accordingly, Petitioner has no colorable claim under the Sixth Amendment.[3]  The Superior

18 Court's rejection of Petitioner's Sixth Amendment claim was not objectively unreasonable and thus

19 Petitioner is not entitled to relief on this claim.  *Lockyer*, 538 U.S. at 75.

20         **B.  Due Process Claims**

21              **1. Plea Bargain Claim**

22         Petitioner contends that his plea  was coerced due to the prosecution's alleged threat to seek

23 more stringent punishment for Petitioner if he refused the plea bargain.  The Superior Court rejected

24 Petitioner's contention in its reasoned decision denying Petitioner's state habeas petition.  (Lod. Doc.

25 10, Superior Court Order).

26

27         [3] Petitioner alleges that the sentencing court "abused its discretion" in sentencing Petitioner to a term of thirty-two
28 months.  (Pet. at 8).  Errors of state law do not warrant federal habeas relief except in limited circumstance which do not
apply here.  *See Holley v. Yarborough*, 568 F.3d 1091, 1102 (9th Cir. 2009) (citing *Estelle v. McGuire*, 502 U.S. 62, 67
(1991) (state law errors do not warrant relief unless errors so infect the entire proceeding that the resulting conviction violates
due process)).

1    The Court may not disturb the Superior Court's finding unless it was objectively unreasonable.

2         "A habeas petitioner bears the burden of establishing that his guilty plea was not voluntary."

3    *E.g., Little v. Crawford*, 449 F.3d 1075, 1080 (9th Cir. 2006).   The only evidence of coercion

4    Petitioner presented in his state habeas petition was his statement that the prosecution had threatened

5    to seek "greater charges" against Petitioner.   Petitioner alleges that the prosecution told Petitioner it

6    would seek to impose an additional six years imprisonment and possibly even a third strike, which

7    would entail a twenty-five years to life sentence.   (Lod. Doc. 10, State Habeas Petition at 4).   The

8    Superior Court rejected Petitioner's claim, noting that Petitioner responded to specific queries at his

9    plea hearing that established the voluntariness of his plea.   (Lod. Doc. 10, Superior Court Order).   At

10   his plea hearing, Petitioner testified, under oath, that no threats had been made against him.   (Lod.

11   Doc. 2, RT Penal Code 859(a) Hearing at 4).   Given the record, the Court cannot say that the

12   Superior Court's rejection of Petitioner's contention that he was coerced into his plea was

13   objectively unreasonable.   Accordingly, Petitioner is not entitled to relief on this claim.   *Lockyer*, 538

14   U.S. at 75.

15            **2. Petitioner's Challenge to California Penal Code §3003.5(b)**

16        Petitioner contends that California Penal Code section 3003.5(b), which imposes residency

17   restrictions on persons convicted of certain sex crimes, violates the terms of his plea agreement.   A

18   criminal defendant's right to due process entitles her to enforce the terms of a plea agreement.

19   *Santobello v. New York*, 404 U.S. 257, 261-262 (1971).   "Plea agreements are contractual in nature

20   and are measured by contract law standards."   *United States v. De La Fuente*, 8 F.3d 1333, 1337 (9th

21   Cir. 1993).   In construing an agreement, the court must determine what the defendant reasonably

22   understood to be the terms of the agreement when he pleaded guilty.   *Id.*

23        Section 3003.5(b) was enacted after Petitioner's conviction for the instant offense.   Whether

24   section 3003.5(b) applies retroactively to persons such as Petitioner is an unsettled question under

25   California law.   *See People v. Thomas J. Romero,* 2009 Cal.App.Unpub LEXIS 4804*30-31 n.13

26   (Cal. Ct. App. 2009) (declining to address claim because issue is currently pending before the

27   California Supreme Court); *see also People v. Milligan*, 166 Cal.App.4th 1208, 1224 (Cal. Ct. App.

28   2008) (holding that section 3003.5 may not be applied retroactively) *reh'g granted, depublished by*

1  2008 Cal.App.LEXIS 1686.

2      Ripeness is a jurisdictional prerequisite.  *See, e.g., United States v. Antelope*, 395 F.3d 1128,

3  1132 (9th Cir. 2005).  A habeas court may not reach the merits of a claim that is not ripe for judicial

4  review.  *See Poland v. Stewart*, 117 F.3d 1094, 1005 (9th Cir. 1997) (declining to reach the merits of

5  claim that was not ripe).  An issue is not ripe for review where the existence of the dispute itself

6  hangs on future contingencies that may or may not occur.  *Id.*  "Where there is no danger of

7  imminent and certain injury to a party, an issue has not matured sufficiently to warrant judicial

8  intervention."  *Id.*  The Court finds that Petitioner's claim regarding section 3003.5 is not ripe for

9  review, as California has yet to determine whether section 3003.5 may be applied retroactively.  *See*

10  *Romero,* 2009 Cal.App.Unpub LEXIS 4804*30-31.  Further, Petitioner does not contend that section

11  3003.5 has actually been enforced against him.  Therefore, Petitioner's claim is not ripe for review

12  and the Court lacks jurisdiction over it.  *Stewart*, 117 F.3d at 1005.

**Recommendation**

14      Based on the reasons stated above, the Court RECOMMENDS that the petition for writ of

15  habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter

16  judgment for Respondent.

17      This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United

18  States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304

19  of the Local Rules of Practice for the United States District Court, Eastern District of California.

20  Within thirty (30) days after being served with a copy, any party may file written objections with the

21  court and serve a copy on all parties.  Such a document should be captioned "Objections to

22  Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

23  filed within ten (10) court days (plus three days if served by mail) after service of the objections.

24  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(c).  The

25  parties are advised that failure to file objections within the specified time may waive the right to

26  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

27  //

28  //

1

2          IT IS SO ORDERED.

3   **Dated:    August 20, 2009**                    **/s/ John M. Dixon**
                                           UNITED STATES MAGISTRATE JUDGE
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28